# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 30, 1991

Mr. William Tenison
Chairman
On-Site Wastewater Treatment
  Research Council
P. O. Box 1088
Austin, Texas 78767

Opinion No. DM-1

Re: Authority of the On-Site Wastewater Treatment Research Council, and related questions (RQ-2165)

Dear Mr. Tenison:

Chapter 367 of the Health and Safety Code provides for the awarding of grants of state funds by the On-Site Wastewater Treatment Research Council (hereinafter the "council") for support of research and for dissemination of information relating to on-site wastewater treatment technology. The provisions now in chapter 367 were adopted in 1987 as article 4477-7f, V.T.C.S., and codified in the Health and Safety Code in 1989. Acts 1987, 70th Leg., 2d C.S., ch. 28; Acts 1989, 71st Leg., ch. 678, § 1, at 2230.

The council is composed of 11 members appointed by the governor. Health & Safety Code § 367.002. Grants or other expenditures made by the council are payable from the on-site wastewater treatment research account in the general revenue fund. Fees collected by various entities for the issuance of on-site wastewater treatment permits are forwarded to the Department of Health and deposited to the credit of such account. Id. §§ 367.008(c), 367.010.

You ask first about section 367.007, which provides:

> (a) The [Department of Health] shall implement council decisions.
>
> (b) The council may enter into an interagency contract with the department to provide staff and other administrative support as required.
>
> (c) Administrative costs are payable from the on-site wastewater treatment research account.

You ask whether the council may obtain administrative support only under the provisions of section 367.007 from the Department of Health. You argue that the permissive language of section 367.007(b) and provisions elsewhere for interagency contracts give the council authority to contract with other entities for administrative support services. We disagree.

We think the legislature has in section 367.007 identified the Department of Health as the appropriate source for administrative support if the council needs it. If the legislature had intended that the council could contract with entities other than the Department of Health for administrative support, section 367.007(b) would have been superfluous. The express authorization for council contracts with the Department of Health for administrative support indicates a lack of council authority to contract with other entities for such support services. See State v. Mauritz-Wells Co., 175 S.W.2d 238 (Tex. 1943) (reciting rule of statutory construction that express enumeration or mention of one thing is equivalent to express exclusion of others not mentioned). We note, too, that the Committee on Natural Resources Bill Analysis to House Bill 32, 70th Leg., 2d C.S., (1987), the bill originally adding the provisions now in chapter 367, states that the bill "provides that the Texas Department of Health shall provide staff services for the council."

Your second question is whether the council must "pay" the Department of Health for services the council contracts for under section 367.007. We think that the legislature's use of the term "contract" in section 367.007(b) indicates that the legislature intended that the council would furnish consideration to the Department of Health for services the council obtains under section 367.007(b) from the department. This conclusion is supported by the succeeding provision, in subsection (c) of section 367.007, that "administrative costs are payable from the on-site wastewater treatment research account."

Given our affirmative response to your first question, we need not address your third question.

Your fourth question is whether "administrative support" would include "technical review and/or testing of grant proposals" or "a base on which to conduct research subject to a grant." We think that the language of section 367.007(b) providing that the council may contract with the Department of Health "to provide staff and other administrative support as required" encompasses all services necessary to the council's performance of its duties under chapter 367.

The duties of the council under chapter 367 are essentially to award grants as provided for in section 367.008 of the Health and Safety Code. That section reads:

(a) The council shall establish procedures for awarding competitive grants and disbursing grant money.

(b) The council may award competitive grants to:

(1) support applied research at accredited colleges and universities in this state regarding on-site wastewater treatment technology and systems applicable to this state that are directed toward improving the quality of wastewater treatment and reducing the cost of providing wastewater treatment to consumers; and

(2) enhance technology transfer regarding on-site wastewater treatment by using educational courses, seminars, symposia, publications, and other forms of information dissemination.

(c) The council may award grants or make other expenditures authorized under this chapter only after the comptroller certifies that the on-site wastewater treatment research account contains enough money to pay for those expenditures.

Clearly, the council's duties to award grants under section 367.008 will involve the council's evaluation of grant proposals. Where such evaluations require "technical review and/or testing" of proposals, we think such services may be obtained from the Department of Health under the provisions of section 367.007 regarding contracts for "administrative support."

However, we do not think that the council may, under the provisions of section 367.007 relating to "administrative support," acquire or contract for the availability of "a base on which to conduct research subject to a grant." Chapter 367 authorizes the council to award grant money. It does not authorize the council to directly provide physical facilities to grantees. As will be discussed below, in regard to your fifth question, we think that grant recipients may spend grant money awarded under section 367.008(b) to obtain the use of such facilities for research purposes.

Your fifth question is whether the council may "provide for research support services" through a grant. The council's authority to award grants is limited by section 367.008(b) to grants that support applied research at colleges and universities and to enhance technology transfer by information dissemination. Whether the council may award a grant for the provision of "research support services" would depend on whether

such "research support" constituted applied research or information dissemination under section 367.008(b), and would involve questions of fact as to the nature of the "research support" for which the award of a grant was contemplated.

You suggest in your brief that the council might wish to award grant money to the Center for Environmental Research (hereinafter "CER"), a project of the city of Austin, for provision of specialized support services. You say CER is "affiliated with several accredited universities." If the services provided under such grant were ones which enhanced technology transfer through information dissemination, under section 367.008(b)(2), such a grant would be within the council's authority. As to those grants which are not for information dissemination, you do not explain what you mean by the phrase "affiliated with," but apparently CER is not under the control of an accredited college or university. The only authority for the council to award grant money other than for information dissemination under section 367.008(b)(2) is under subsection (b)(1) of section 367.008 for "applied research at accredited colleges and universities."[1] We note, on the other hand, that we find nothing in chapter 367 which would prevent a grant recipient under section 367.008, if permitted under the terms of the grant, from himself using grant money to acquire services from CER in support of his grant-funded research or information dissemination.

In light of our response to your first question, we need not address your last question.

## SUMMARY

The On-Site Wastewater Treatment Research Council may contract for administrative support only from the Department of Health pursuant to Health and Safety Code section 367.007(b), and the council must furnish consideration to the department for the furnishing of such services by the latter.

Such administrative support may include technical review or testing of grant proposals but not provision of facilities for the conduct of grant-supported research.

---

1. We note, however, in response to the concerns you raise in your brief, that we do not think section 367.008(b)(1) requires that all grant-funded research under that provision literally be performed "at" such institutions. We think such grants may be awarded, for example, for the conduct of research under the auspices of such institutions even though the physical situs of the research is at other facilities.

Whether the council may award a grant for "research support" would depend on whether, as a factual matter, such "research support" was applied research at an accredited college or university regarding on-site wastewater treatment technology, or was information dissemination regarding such technology.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General